UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY E. WHITT,

           Plaintiff,

v.

SNOHOMISH COUNTY SUPERIOR COURT, *et al.*,

           Defendants.

Case No. C15-1294-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Rodney Whitt has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. The Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that the instant action is moot and should therefore be dismissed.

## DISCUSSION

On August 13, 2015, plaintiff Rodney Whitt presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that defendants were violating his right to a speedy trial in a pending Snohomish County Superior Court criminal case. Plaintiff complained that he had been confined since June 2015, and had been effectively denied release

REPORT AND RECOMMENDATION - 1

because he could not afford the bail amount established by the Everett District Court. Plaintiff asserted that his trial date was set for September 11, 2015, but that his appointed counsel had moved for a continuance in order to accommodate her vacation which would extend the trial date beyond the speedy trial deadline. Plaintiff identified Snohomish County Superior Court, the Snohomish County Prosecutor's Office, the Snohomish County Jail, the Everett District Court, and the Snohomish County Sheriff's Office as defendants in this action. Plaintiff asked this Court to order that he be tried in a timely fashion or that he be released from custody.

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a cognizable ground for relief under § 1983 and, thus, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 10.) Plaintiff was advised in the Order to Show Cause that the federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 2, citing *Younger v.Harris*, 401 U.S. 37 (1971)). Plaintiff was further advised that his complaint did not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings. (Dkt. 10 at 2.) Plaintiff was granted thirty days to file a response to the Order to Show Cause. (*Id*.)

On September 28, 2015, the Court received a series of documents from plaintiff which it appears are intended to constitute plaintiff's response to the Order to Show Cause. (*See* Dkt. 11.) Among the documents is a final release report from Snohomish County Corrections which indicates that plaintiff was released from custody on September 21, 2015. (*See* Dkt. 11-3.) The release report also appears to indicate that the charge upon which plaintiff was awaiting trial has been dismissed. (*See id*.) Given that the relief plaintiff requested in the instant action was a directive to Snohomish County that his trial be held in a timely fashion or that he be released

REPORT AND RECOMMENDATION - 2

from custody, and given that the charges against plaintiff have apparently now been dismissed and that plaintiff has been released from custody, it appears that the instant action is moot.

In general, a case becomes moot when a party lacks a "legally cognizable interest in the outcome." *United State Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  Although the Courts have recognized an exception to the general rule of mootness where there is a "reasonable expectation" or a "demonstrated probability" that the same controversy will arise again involving the same complaining party, there must be more than a mere physical or theoretical possibility of recurrence.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).  Plaintiff brought the instant action to enforce his speedy trial rights in state court criminal proceedings.  The criminal proceedings have now been dismissed and there can be no reasonable expectation that the circumstances which gave rise to the instant action will recur.  Accordingly, this Court concludes that the instant action is moot.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, with prejudice, prior to service.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 8, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

REPORT AND RECOMMENDATION - 3

1  timely objections are filed, the matter will be ready for consideration by the District Judge on

2  **December 11, 2015.**

3      This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

4  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

5  assigned District Judge acts on this Report and Recommendation.

6      DATED this <u>17th</u> day of November, 2015.

7

8      */s/ James P. Donohue*
    _____
    JAMES P. DONOHUE
9      Chief United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 4